UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 783 JMB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Larry Black's Attorney's Motion for Attorney Fees in the amount of $24,989.65 pursuant to 42 U.S.C. § 406(b) (Doc. 25). Defendant Kilolo Kijakazi filed a response urging the Court to assess the reasonableness of the fees (Doc. 27). For the reasons set forth below, the Motion is **GRANTED**.

**I. Background**

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) on May 22, 2018, seeking review of the Commissioner of Social Security's denial of disability insurance benefits. Upon review by this Court, the Commissioner's decision was reversed and remanded on September 24, 2019 (Docs. 19 and 20). Plaintiff's subsequent Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, was granted and $4,960.00 in attorney fees was awarded on December 20, 2019 (Doc. 23).

Upon remand, an Administrative Law Judge again denied Plaintiff's application for benefits; but the Appeals Council remanded that decision for failure to comply with this Court's September 24, 2019 Order. The Commissioner subsequently issued Plaintiff a fully favorable decision on August 24, 2022 (Doc. 25-3, p. 1). Plaintiff was awarded $129,467.00 in past due

benefits for May, 2016 to January, 2023 (Doc. 25-4, p. 3). Plaintiff's counsel[1] represents that she received $7,377.10 for work done before the Social Security Administration (Doc. 25-1, p. 3).

Plaintiff's counsel now requests $24,989.65 in attorney's fees. Counsel represents that this amount equals 25% ($32,366.75) of the amount awarded to Plaintiff by the Social Security Administration ($129,467.00 ) minus $7, 377.10 previously granted in attorney fees. Counsel also represents that should the motion be granted, Plaintiff will be refunded $4,960.00, the amount awarded pursuant to the EAJA. Defendant does not object to the amount requested by Plaintiff. However, he argues that the Court should carefully scrutinize the reasonableness of the fees requested, which effectively seek an hourly rate of $976.16 for 25.60 hours of work, to ensure that the amount does not constitute a windfall to Plaintiff's counsel.

**II. Discussion**

The "primary means by which fees are set for successfully representing Social Security benefits claimants in court" is the contingent-fee agreement between the claimant and attorney. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Such contingent fee agreements, however, must meet statutory requirements, namely, 42 U.S.C §406(b)(1)(A), which provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . out of, and not in addition to, the amount of such past-due benefits.

When considering attorney fees in this context, the Court looks to the contingent fee agreement first and then tests it for reasonableness and consistency with § 406(b). Gisbrecht, 535 U.S. at 808. Notwithstanding the fee amount agreed upon, a fee request may be reduced based on the

---

[1] At the time, Plaintiff was represented by attorney Kathleen Overton of the Parmele Law Firm pursuant to a contingent fee agreement entered into on May 8, 2018 (Doc. 25-5). Plaintiff is also represented by attorney Kelsey Young, also of the Parmele Law Firm, who entered her appearance on April 26, 2023 (Doc. 24).

"character of the representation," the "results the representative achieved," delay occasioned by counsel, whether the fees would represent a windfall based on, in part, whether the amount requested is consistent with "the lawyer's normal hourly billing charge for noncontingent fee-cases." Id. The attorney moving for fees "bears the burden of persuasion [to show] that the statutory requirement has been satisfied" and that the requested fee is reasonable. Id. at 807, n.17.

Plaintiff's contingent fee agreement with counsel provides that "[his] attorney is entitled to 25%" of any past-due benefits awarded by the Commissioner (Doc. 25-5). The agreement further specifies that "[Plaintiff] will be refunded the lesser amount of either the § 406(b) fees or the [EAJA fees]." Id. Pursuant to this agreement, Plaintiff's counsel requests fees equal to 25% of the total past-due benefits awarded and represents that she will refund the amount already awarded pursuant to the EAJA.

Plaintiff's contingent fee agreement and motion are consistent with the requirements of § 406(b) and Grisbrecht and appear reasonable. First, the amount requested represents no more than 25% of past-due benefits awarded. Second, there is no question that counsel ably represented Plaintiff and achieved positive results. As counsel points out, "civil actions for Social Security (and SSI) disability benefits have a significant risk of loss, especially in light of the deferential standard applicable to Social Security cases" (Doc. 25-1, p. 9). The Court recognizes the value of incentivizing attorneys to take on risky cases that may nonetheless be meritorious. Third, there is no showing that counsel delayed proceedings or that counsel's actions were designed to increase the value of past-due benefits to increase fees.

Fourth, the Court finds that the amount requested does not constitute a windfall based on the actual hourly fee requested. As indicated above, Plaintiff's counsel's fee request represents $976.16 per hour for 25.60 hours of work. If the Court were to engage in the familiar lodestar

method of determining reasonableness, then this amount would appear unreasonable, especially in light of counsel's representation that she typically charges $193.75 per hour (Doc. 25-6, p. 2). However, the lodestar method no longer is used in these cases in order the evaluate the reasonableness of fees; rather, the Court must determine whether the fees requested are reasonable in light of the amount of past-benefits awarded while taking into account counsel's normal charges. Gisbrecht, 535 U.S. at 808.  While the Court does not find persuasive counsel's argument that the requested fee is reasonable because Plaintiff will continue to receive benefits in the future, Gisbrecht, 535 U.S. at 795 ("[b]ecause benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's entitlement to benefits), counsel's argument that the amount requested is consistent with the risk involved is persuasive.

Plaintiff's counsel highlights that when dividing the effective hourly rate by 2.8 (representing the statistical likelihood that a plaintiff receives past-due benefits in social security litigation),[2] the "equivalent hourly rate is only $348.63" (Doc. 25-1, p. 12).  This adjusted rate appears reasonable and not inconsistent with counsel's typical fee in light of the amount of past-due benefits received and the risk involved.  In addition, Plaintiff's requested fee is not inconsistent with other awards in this District.  See, e.g., Porterfield v. Kijakazi, 2023 WL 5722612 (E.D. Mo. 2023) (awarding a fee equivalent to an hourly rate of $2,016.27 ); Brown v. Kijakazi, 2023 WL 4947824 (E.D. Mo. 2023)  (awarding a fee equivalent to an hourly rate of $1,846.88); Lowry v. Colvin, 2016 WL 4720449 (E.D. Mo. 2016) (awarding a fee equivalent to an hourly rate of

---

[2] Plaintiff's counsel relies primarily on a decade-old report in producing this figure and further cites data originating in 2001 (Doc. 25-1, p. 10). While Plaintiff's counsel has not provided updated statistics, the Court recognizes the validity and use of the 2.8 factor. See, e.g., McKinney v. Kijakazi, 2023 WL 5250954 (W.D. Mo. 2023); Brown v. Kijakazi, 2023 WL 4947824 ( 2023).

$922.78. Finally, Plaintiff's counsel notes that the lesser EAJA award will be refunded upon receipt of a § 406(b) award.

### III.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Attorney's Motion for Attorney Fees (Doc. 25) is **GRANTED**. Plaintiff's counsel is awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $24,989.65.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund Plaintiff in the amount of $4,960.00 previously awarded under the EAJA.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2023